UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BUILDING AND REALTY INSTITUTE OF WESTCHESTER AND PUTNAM COUNTIES, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF NEW YORK, *et al.*, <br><br> Defendants. | No. 19-CV-11285 (KMK) <br><br> <u>OPINION AND ORDER</u> |

<u>Appearances</u>:

Kenneth J. Finger, Esq.
Finger & Finger, A Professional Corporation
White Plains, NY
*Counsel for Plaintiffs Building and Realty Institute of Westchester and Putnam Counties, Inc.;*
*Apartment Owners Advisory Council; Cooperative and Condominium Council; Stepping Stones*
*Associates, L.P.; Lisa DeRosa as Principal of Stepping Stones, L.P.; Jefferson House Associates,*
*L.P.; Shub Karman, Inc.; DiLaRe, Inc.; Property Management Associates; Nilsen Management*
*Co., Inc.*

Michael A. Berg, Esq.
Shi-Shi Wang, Esq.
New York State Office of the Attorney General
New York, NY
*Counsel for Defendants State of New York; Ruthanne Visnauskas in her official capacity as*
*Commissioner of New York State Homes and Community Renewal; and the Division of Homes*
*and Community Renewal*

Mark A. Guterman, Esq.
Lehrman, Lehrman & Guterman, LLP
White Plains, NY
*Counsel for Proposed Intervenor 300 Apartment Associates, Inc.*

KENNETH M. KARAS, United States District Judge:

Plaintiffs, a group of landlords and organizations in Westchester County, New York

("Plaintiffs"), bring this Action against the State of New York, Ruthanne Visnauskas in her

official capacity as Commissioner of the New York State Homes and Community Renewal

("Visnauskas"), and the Division of Homes and Community Renewal ("DHCR"; collectively,

"Defendants"), alleging that recent amendments to the Emergency Tenant Protection Act of 1974

(the "ETPA") are violative of their constitutional rights (the "Action").  (*See* Compl. (Dkt. No.

1).)[1]

Before the Court is a Motion To Intervene (the "Motion") by 300 Apartment Associates,

Inc. ("Apartment Associates," or "Proposed Intervenor").  (*See* Not. of Mot. (Dkt. No. 46).)[2]  For

the reasons discussed below, the Motion is denied.

## I.  Background

Although the Court assumes the Parties' general familiarity with the factual and

procedural background, the Court will briefly summarize the facts most salient to the Motion.

### A.  Factual Background

The following facts are taken largely from Apartment Associates' non-conclusory

allegations, which are accepted as true for purposes of the instant Motion.  *See Kamdem-Ouaffo*

*v. Pepsico, Inc.*, 314 F.R.D. 130, 134 (S.D.N.Y. 2016) ("While accepting as true the non-

conclusory allegations of the motion, courts applying Rule 24 must be mindful that each

intervention case is highly fact specific and tends to resist comparison to prior cases." (citation,

alteration, and quotation marks omitted)); *see also Herman v. N.Y. Metro Area Postal Union*, No.

97-CV-6839, 1998 WL 214787, at *1 (S.D.N.Y. Apr. 30, 1998) ("The applicants' well pleaded

---

[1] Plaintiffs are: Building and Realty Institute of Westchester and Putnam Counties, Inc.;
Apartment Owners Advisory Council; Cooperative and Condominium Council; Stepping Stones
Associates, L.P.; Lisa DeRosa as Principal of Stepping Stones, L.P.; Jefferson House Associates,
L.P.; Shub Karman, Inc.; DiLaRe, Inc.; Property Management Associates; and Nilsen
Management Co., Inc.

[2] An additional Party, Community Voices Heard ("CVH"), seeks to intervene as a
Defendant in this Action.  (*See* CVH Not. of Mot. To Intervene (Dkt. No. 39).)  The Court does
not address this Motion To Intervene herein.

allegations must be accepted as true for purposes of considering a motion to intervene, with no determination made as to the merits of the issues in dispute." (citation omitted)).

Apartment Associates is the "proprietary lessee" of a single "cooperative apartment," number 6J, which is located at 300 Martine Avenue in White Plains, New York (the "Apartment").  (Decl. of Stephen J. Lehrman in Supp. of Mot. ("Lehrman Decl.") ¶ 3 (Dkt. No. 47).)  Apartment Associates is also the "holder of the shares of stock appurtenant to [the] Apartment."  (Apartment Assocs.' Mem. of Law in Supp. of Mot. ("Apartment Assocs.' Mem.") 2 (Dkt. No. 48).)  Apartment Associates sublets the Apartment to a "non-purchasing tenant under the conversion Offering Plan," whose tenancy is subject to the ETPA.  (*Id.*; Lehrman Decl. ¶ 3.)

According to Apartment Associates, in June 2019, the Housing and Stability Tenant Protection Act (the "HSTPA") was passed in New York State.  (Apartment Assocs.' Mem. 2.)  The HSTPA amended the ETPA and also made changes to certain provisions of New York's Real Property Law ("RPL"), Real Property Actions and Proceedings Law ("RPAPL"), and General Obligations Law ("GOL").  (*Id.*)  The ETPA, as adopted by White Plains, applies to any building built before 1974 that contains at least six residential units.  (*Id.*)  Apartment Associates is not a member of the "representative Plaintiffs" who bring this Action, and claims that the HSTPA is "as significant to and directly affects [Apartment] Associates as fully as the HSTPA relates to each of the named owner-Plaintiffs herein."  (*Id.*)  Apartment Associates seeks to "join . . . Plaintiffs' challenge to the constitutionality of the HSTPA as [it] relates to the ETPA," and also seeks to add two additional causes of action, arguing "that the HSTPA is ineffective by virtue of the legal principle of legislative equivalency," and "that the HSTPA was not adopted in the specific method mandated by the ETPA."  (*Id.* at 2–3.)

B.  Procedural Background

Plaintiffs commenced this Action on December 10, 2019.  (Compl.)  On April 1, 2020, Apartment Associates sought leave to file a motion to intervene, which Plaintiffs and Defendants opposed.  (Dkt. Nos. 24, 27, 30.)  On April 23, 2020, the Court directed the Parties to file proposed briefing schedules for the Motion.  (Dkt. No. 32.)  Plaintiffs filed a proposed schedule with the Court on April 30, 2020, which the Court approved.  (Dkt. Nos. 34, 37.)  Pursuant to this schedule, on June 1, 2020, Apartment Associates filed the instant Motion.  (Not. of Mot.; Lehrman Decl.; Apartment Assocs.' Mem.)[3]  Plaintiffs filed their Opposition on June 24, 2020. (Decl. of Kenneth J. Finger, Esq. in Opp'n to Mot. ("Finger Decl.") (Dkt. No. 65); Decl. of Jeremiah A. Houlihan in Opp'n to Mot. ("Houlihan Decl.") (Dkt. No. 75); Pls.' Mem. of Law in Opp'n to Mot. ("Pls.' Mem.") (Dkt. No. 67).)  After receiving an extension from the Court, Defendants filed their Opposition on July 3, 2020.  (Defs.' Mem. of Law in Opp'n to Mot. ("Defs.' Mem.") (Dkt. No. 72).)  Apartment Associates filed a Reply on July 7, 2020. (Apartment Assocs.' Reply Mem. of Law in Further Supp. of Mot. ("Apartment Assocs.' Reply Mem.") (Dkt. No. 74).)  The Parties appeared before the Court for Oral Argument on the Motion and additional Motions To Intervene filed in this case and a related case on July 8, 2020.  (*See* Dkt. (minute entry for July 8, 2020).)  The Court reserved its ruling on all of the Motions.  (*Id.*)

## II.  Discussion

A.  Standard of Review

Federal Rule of Civil Procedure 24 permits a party to intervene in ongoing litigation as of right or by permission of the court.  In seeking intervention under this Rule, the proposed

---

[3] Apartment Associates originally filed the Motion on May 28, 2020, (Dkt. No. 45), but due to a filing error, it refiled the Motion on June 1, 2020, (Dkt. Nos. 46–48).

intervenor bears the burden of demonstrating that it meets the requirements for intervention.  *See Seils v. Rochester City Sch. Dist.*, 199 F.R.D. 506, 509 (W.D.N.Y. 2001) ("The moving party has the burden of demonstrating its entitlement to intervene." (citation omitted)). While accepting "as true the non-conclusory allegations of the motion[,]" courts applying Rule 24 "must be mindful that each intervention case is highly fact specific and tends to resist comparison to prior cases."  *Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Ams.*, 262 F.R.D. 348, 352 (S.D.N.Y. 2009) (citation and quotation marks omitted).

Apartment Associates moves for intervention as of right under Rule 24(a)(2) or, in the alternative, permissive intervention under Rule 24(b).  The Second Circuit has instructed that "[t]o be granted intervention as of right or by permission, 'an applicant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action.'"  *Floyd v. City of New York*, 770 F.3d 1051, 1057 (2d Cir. 2014) (per curiam) (quoting *R Best Produce, Inc. v. Shulman-Rabin Mktg. Corp.*, 467 F.3d 238, 240 (2d Cir. 2006)).  As such, "court[s] consider[] substantially the same factors whether the claim for intervention is 'of right' under [Rule 24(a)(2)], or 'permissive' under [Rule 24(b)(1)(B)]."  *R Best Produce*, 467 F.3d at 240 (citation omitted); *see also Kamdem-Ouaffo*, 314 F.R.D. at 134 n.4 (same).  The Second Circuit has "underscored that a 'failure to satisfy *any one* of these four requirements is a sufficient ground to deny the application.'"  *Floyd*, 770 F.3d at 1057 (emphasis in original) (footnote and alteration omitted) (quoting *R Best Produce*, 467 F.3d at 241).

With respect to permissive intervention, a court may permit a timely application to intervene where the moving party "has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).  "Permissive intervention is

wholly discretionary with the trial court." *Rosado v. Pruitt*, No. 17-CV-4843, 2018 WL 262835, at \*3 (E.D.N.Y. Jan. 2, 2018) (quotation marks omitted) (quoting *U.S. Postal Serv. v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978)).  Although the Second Circuit has instructed that in order to gain permissive intervention, a party must generally satisfy the four aforementioned factors, *Floyd*, 770 F.3d at 1057, "the principal guide in deciding whether to grant permissive intervention is whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties," *Olin Corp. v. Lamorak Ins. Co.*, 325 F.R.D. 85, 87 (S.D.N.Y. 2018) (alteration and quotation marks omitted) (quoting *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 73 (2d Cir. 1994)).  As such, district courts in the Second Circuit have recognized that the four factors should be considered "as a whole[,] rather than focusing narrowly on any one of the criteria," and that application of the factors is "flexible and discretionary." *Grewal v. Cuneo*, No. 13-CV-6836, 2014 WL 2095166, at \*3 (S.D.N.Y. May 20, 2014) (citation and quotation marks omitted).  Other relevant factors in deciding whether to grant permissive intervention include "the nature and extent of the intervenors' interests," and "whether [the] parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *Id.* (quotation marks omitted) (quoting *H.L. Hayden Co. of N.Y. v. Siemens Med. Sys., Inc.*, 797 F.2d 85, 89 (2d Cir. 1986)).

"The district court's discretion under Rule 24(b)(2) is very broad." *H.L. Hayden Co.*, 797 F.2d at 89 (citations omitted); *see also St. John's Univ., N.Y. v. Bolton*, 450 F. App'x 81, 84 (2d Cir. 2011) ("A district court has broad discretion under Rule 24(b) to determine whether to permit intervention on the basis that the intervenor's claim or defense and the main action have a question of law or fact in common." (citations and quotation marks omitted)).  Indeed,

"[r]eversal of a district court's denial of permissive intervention is a very rare bird . . . , so seldom seen as to be considered unique." *AT & T Corp. v. Sprint Corp.*, 407 F.3d 560, 562 (2d Cir. 2005) (quotation marks omitted) (quoting *Pitney Bowes*, 25 F.3d at 73).

### B.  Analysis

#### 1.  Intervention as of Right

With respect to intervention as right, Plaintiffs argue that the Motion is not timely, that Apartment Associates has no direct interest in this Action, and that Plaintiffs can adequately represent any interest that Apartment Associates does have.  (Pls.' Mem. 3–10.)   Defendants also argue that Apartment Associates does not have an interest in the Action and thus cannot demonstrate that its interest would be impaired, or that its interest would be inadequately represented.  (Defs.' Mem. 6–7.)  Both Plaintiffs and Defendants also address the merits of Apartment Associates' position, arguing that legislative equivalency is not applicable, (Pls.' Mem. 8); that if legislative equivalency is applicable, the HSTPA satisfies its requirements, (Defs.' Mem. 8–9); that the HSTPA has been properly adopted, (Pls.' Mem. 7–8; Defs.' Mem. 9–10); and that Apartment Associates cannot establish subject matter jurisdiction over its claims, (*id.* at 4–6).  The Court addresses each of these arguments to the extent necessary.

##### a.  Timeliness

Under both relevant provisions of Rule 24, the threshold inquiry is whether the application for intervention is timely.  Among the factors to be considered are "(1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness."  *Pitney Bowes*, 25 F.3d at 70 (citation omitted).  While courts use these four factors as a guide, the

determination of whether a motion to intervene is timely must be "evaluated against the totality of the circumstances before the court." *D'Amato v. Deutsche Bank*, 236 F.3d 78, 84 (2d Cir. 2001) (citation and quotation marks omitted); *see also Pitney Bowes*, 25 F.3d at 70 (explaining that "[t]imeliness defies precise definition"); *United States v. Yonkers Bd. of Educ.*, 801 F.2d 593, 594–95 (2d Cir. 1986) ("The timeliness requirement is flexible and the decision is one entrusted to the district judge's sound discretion." (collecting cases)); *Parris v. Fremont Inv. & Loan*, No. 14-CV-6907, 2017 WL 10259778, at *2 (E.D.N.Y. Aug. 31, 2017) ("The [c]ourt has broad discretion to determine the timeliness of a motion to intervene." (citation omitted)). Nevertheless, "the length of time the applicant knew or should have known of his interest before making the motion" is "[a]mong the most important factors" to be considered in determining timeliness. *Catanzano ex rel. Catanzano v. Wing*, 103 F.3d 223, 232 (2d Cir. 1996) (citation and quotation marks omitted).

Plaintiffs argue that Apartment Associates' Motion is untimely, given that Plaintiffs filed their Complaint on December 10, 2019, (*see* Compl.), and Apartment Associates filed a letter seeking a pre-motion conference on April 1, 2020, nearly four months later, (Pls.' Mem. 4–5). In support of this argument, Plaintiffs quote from *National Association for Advancement of Colored People ("NAACP") v. New York*, 413 U.S. 345 (1973), where the Supreme Court concluded that denial of a motion to intervene was proper when "the suit had been pending for more than four months, an article about it had appeared in early February in the New York Times, and the appellants did not deny that they had knowledge of the pendency of the action." (Pls.' Mem. 4 – 5 (quoting *NAACP*, 413 U.S. at 362).) However, the Supreme Court's conclusion that the proposed intervenor's motion was untimely was based not only on the four-month delay before filing, but also on the fact that the case had reached a "critical stage"—summary judgment had

8

been filed, and "[t]he only step remaining was for [a party] either to oppose or to consent to the entry of summary judgment," for which there was a "strong likelihood [of consent]." *NAACP*, 413 U.S. at 367. The proposed intervenors had conceded that they were aware of the action at that time, and the Court found that it was therefore "incumbent upon the appellants . . . to take immediate affirmative steps to protect their interests." *Id.* (footnote omitted).

Conversely, here, Apartment Associates sought to intervene "at a very early stage in th[e] litigation," and "prior to any significant substantive motions." *Schaghticoke Tribal Nation v. Norton*, No. 06-CV-81, 2006 WL 1752384, at *8 (D. Conn. June 14, 2006). Other courts have found similar, or even longer, delays before filing to be timely, particularly when an action is in its infancy. *See Pike Co., Inc. v. Universal Concrete Prods., Inc.*, 284 F. Supp. 3d 376, 394 (W.D.N.Y. 2018) (noting that a five-month delay did not require the court to reject a request for permissive intervention) (collecting cases); *Allco Fin. Ltd. v. Etsy*, 300 F.R.D. 83, 86–88 (D. Conn. 2014) (finding that a permissive intervention would not delay the action when the proposed intervenors moved to intervene three months after the action commenced and agreed to abide by the existing scheduling order); *S.E.C. v. Credit Bancorp, Ltd.*, No. 99-CV-11395, 2000 WL 1170136, at *2 (S.D.N.Y. Aug. 16, 2000) (noting that with respect to a motion to intervene under Rule 24(b), a five-month delay "was not so protracted as to render [the] motion untimely under all the circumstances"). Further, because the Action is "in its infancy," *Friends of E. Hampton Airport, Inc. v. Fed. Aviation Admin.*, No. 15-CV-441, 2016 WL 792411, at *9 (E.D.N.Y. Feb. 29, 2016), the Court will likely "not need[] to [substantially] extend any preexisting deadlines or reschedule any proceedings to accommodate . . . [the] [i]ntervenors," *Yang v. Kellner*, No. 20-CV-3325, 2020 WL 2115412, at *1 (S.D.N.Y. May 3, 2020). Thus, the Court finds that Apartment Associates' Motion is not untimely based on the length of time

before the Motion was made, and based on the fact that little to no delay would result from allowing intervention.

### b.  Interest and Impairment of Interest

Plaintiffs argue that Apartment Associates has not met its burden of showing a sufficient interest in this litigation because it has "raised issues that are not set forth in the Complaint," and "makes no effort to argue the constitutional issues or even acknowledge their existence."  (Pls.' Mem. 5–6.)  Plaintiffs further argue that if the Court does not grant intervention, Apartment Associates will still be able to pursue its lawsuit, and that, in any event, Apartment Associates' arguments are better suited for state court.  (*Id.*)  Defendants also argue that Apartment Associates has demonstrated an insufficient interest because it does not assert an interest in any buildings owned or leases signed by Plaintiffs, and therefore cannot show that its interest will be impaired absent intervention.  (Defs.' Mem. 7.)

"In order to claim a judicially cognizable 'injury in fact,' an intervenor must have a direct stake in the outcome of a litigation rather than a mere interest in the problem."  *Rodriguez v. Pataki*, 211 F.R.D. 215, 218 (S.D.N.Y. 2002) (some quotation marks omitted) (quoting *Schulz v. Williams*, 44 F.3d 48, 52 (2d Cir. 1994)).  Such an interest must be "direct, substantial, and legally protectable" to be cognizable under Rule 24(a)(2).  *Brennan v. N.Y.C. Bd. of Educ.*, 260 F.3d 123, 129 (2d Cir. 2001) (citation and quotation marks omitted).  In other words, the interest "must be based on a right which belongs to the proposed intervenor rather than to an existing party to the suit."  *Floyd v. City of New York*, 302 F.R.D. 69, 101 (S.D.N.Y. 2014) (citation and quotation marks omitted), *aff'd in part, appeal dismissed in part,* 770 F.3d 1051 (2d Cir. 2014).  "An interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule."

*Wash. Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990)

(citations omitted).  The proposed intervenor must also demonstrate that "disposing of the action

may as a practical matter impair or impede the movant's ability to protect its interest."  Fed. R.

Civ. P. 24(a)(2).  This inquiry "looks to the practical disadvantage suffered, and does not require

the would-be intervenor to go so far as to show that res judicata principles would affect any later

suit they might bring."  *Allco Fin. Ltd.*, 300 F.R.D. at 87 (citation, italics, and quotation marks

omitted).

 The Court finds Plaintiffs' argument that Apartment Associates ignores the constitutional

matters at issue in this Action unpersuasive.  (*See* Pls.' Mem. 6.)  Indeed, although Apartment

Associates seeks to assert additional legal theories, it also represents that it intends to "join . . .

Plaintiffs' challenge to the constitutionality of the HSTPA as it relates to the ETPA."

(Apartment Assocs.' Mem. 2; *see also id.* at 4 ("[Apartment] Associates would join in the

already pleaded claims . . . .").)  Further, with respect to Defendants' argument that Apartment

Associates does not have an interest in the specific buildings owned or leases signed by

Plaintiffs, "Rule 24(a)(2) does not require that the intervenor prove a property right, whether in

the constitutional or any other sense."  *Niagara Mohawk Power Corp. v. Hudson River-Black

River Regulating Dist.*, No. 09-CV-471, 2010 WL 1838982, at *2 (N.D.N.Y. May 6, 2010)

(quotation marks omitted) (quoting *Brennan*, 260 F.3d at 130).  Instead, Apartment Associates

represents that as a landlord, it is subject to the ETPA and "now, by extension, [is] . . . directly

impacted by the HSTPA," (Apartment Assocs.' Mem. 4), as it "suffers from the same harm that

each of . . . Plaintiffs suffer under the HSTPA," (Apartment Assocs.' Reply Mem. 2).  As such,

Apartment Associates appears to have a "direct stake in the outcome of [the] litigation rather

than a mere interest in the problem."  *Schulz*, 44 F.3d at 52 (citation and quotation marks

omitted); *see also N.Y. Pub. Interest Research Grp., Inc. v. Regents of the Univ. of the State of N.Y.*, 516 F.2d 350, 351–52 (2d Cir. 1975) (per curiam) (finding that pharmacists and a pharmaceutical society had sufficient interest to intervene as of right in an action challenging the legality of a drug advertising regulation that would have affected their economic interests); *Commack Self-Serv. Kosher Meats, Inc. v. Rubin*, 170 F.R.D. 93, 101, 103 (E.D.N.Y. 1996) (finding that a proposed intervenor had a sufficient interest when "[a]ny decision by the court concerning the constitutionality of the [regulations at issue] w[ould] impact [the proposed intervenor's] economic interests and business operations," and that other proposed intervenors "demonstrated sufficient legal interest based on . . . professional[] [and] economic . . . involvements"); *cf. Cmty. Hous. Improvement Program v. City v. New York*, No. 19-CV-4087, 2019 WL 8163423, at *2 (E.D.N.Y. Oct. 8, 2019) (finding that the proposed intervenor did not have a legally cognizable interest in an action challenging the constitutionality of New York's rent stabilization laws when he alleged that the decision of a housing court judge, not the rent stabilization laws themselves, deprived him of his property).  Thus, although the Court agrees that the additional legal theories Apartment Associates seeks to pursue under state law are likely "tangentially related to the subject matter of this litigation," *United States v. N.Y.C. Hous. Auth.*, 326 F.R.D. 411, 415 (S.D.N.Y. 2018), given that Apartment Associates also asserts an interest in the question of the constitutionality of the HSTPA, "[i]f the [C]ourt were to find the [HSTPA] []constitutional, th[is] interest[] undoubtedly w[ould] be impaired," *Rubin*, 170 F.R.D. at 103; *see also N.Y.C. Hous. Auth.*, 326 F.R.D. at 416 (finding that when a proposed intervenor's interest "strikes at the heart of th[e] litigation[,] . . . [a]n unfavorable disposition . . . may have some preclusive effect that impairs the [p]roposed [i]ntervenors' ability to prosecute similar claims" (citations and footnote omitted)).

### c.  Adequacy of Representation

However, even if Apartment Associates does have a sufficient interest in this Action that would otherwise be impeded, Apartment Associates has failed to demonstrate that the existing Parties cannot adequately represent its rights.  "The burden of proving [this prong] . . . lies with th[e] [proposed intervenor]," and "where the proposed intervenor shares the same interest with an existing party, there is a presumption of adequate representation."  *Madison Stock Transfer, Inc. v. Netco Invs., Inc.*, No. 06-CV-3926, 2007 WL 2902960, at *1 (E.D.N.Y. Sept. 27, 2007) (citations omitted); *see also Wash. Elec. Coop., Inc.*, 922 F.2d at 98 ("Where there is an identity of interest between a putative intervenor and a party, adequate representation is assured." (citation omitted)).  Thus, "[w]hile the burden to demonstrate inadequacy of representation is generally speaking minimal, the Second Circuit has demanded a more rigorous showing of inadequacy in cases where the putative intervenor and a named party have the same ultimate objective."  *St. John's Univ., N.Y. v. Bolton*, No. 08-CV-5039, 2010 WL 5186823, at *3 (E.D.N.Y. Dec. 10, 2010) (alteration and quotation marks omitted) (quoting *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171,179 (2d Cir. 2001)), *aff'd*, 450 F. App'x 81 (2d Cir. 2011).  "[E]vidence of collusion, adversity of interest, nonfeasance, or incompetence may suffice to overcome the presumption of adequacy."  *Butler*, 250 F.3d at 180 (citation omitted).

Apartment Associates and Plaintiffs certainly share an ultimate objective, which is to "challenge[] the implementation of the [HSTPA]."  (Lehrman Decl. Ex. 1 ("Proposed Compl.") ¶ 1 (Dkt. No. 47-1).)  Apartment Associates argues that "Plaintiffs have charted their own course and have no interest in any input from [Apartment] Associates or [its] chosen counsel," (Lehrman Decl. ¶ 4), and that "Plaintiffs' unwillingness to adopt [Apartment Associates'] additional arguments, even as fallback positions, establishes conclusively that [Apartment]

Associates' interests are *not* sufficiently protected herein," (Apartment Assocs.' Reply Mem. 3 (emphasis in original)).  However, "[r]epresentation is not inadequate simply because . . . the applicant and the existing party have different views on the facts, the applicable law, or the likelihood of success of a particular litigation strategy."  *United States v. City of New York*, 198 F.3d 360, 367 (2d Cir. 1999) (citation omitted).  Plaintiffs and Apartment Associates both object to the HSTPA and share the same ultimate objective, and Plaintiffs' "representation is not inadequate simply because they have different ideas about how best to achieve these goals."  *See id.*; *see also In re Bank of N.Y. Derivative Litig.*, 320 F.3d 291, 301 (2d Cir. 2003) ("[T]here is no reason to believe that the [proposed intervenors'] interests will not be adequately protected . . . simply because the plaintiffs . . . have chosen a slightly different strategy and have raised slightly different claims."); *Travis v. Navient Corp.*, 284 F. Supp. 3d 335, 346 (E.D.N.Y. 2018) (same); *St. John's Univ.*, 2010 WL 5186823, at *3 (finding the same).  Further, Apartment Associates makes no allegations to suggest "collusion, adversity of interest, nonfeasance, or incompetence" on the part of Plaintiffs, *Butler*, 250 F.3d at 180 (citation omitted), instead taking issue only with the fact that Plaintiffs have refused to incorporate Apartment Associates' legal theories into the Action and stating that its "rights are better served and protected through different counsel," (Lehrman Decl. ¶ 4).  These arguments fall short of establishing that Plaintiffs will not vigorously prosecute this action and adequately defend the identical objectives of both Plaintiffs and Apartment Associates.  *See United States v. City of New York*, No. 07-CV-2067, 2007 WL 2581911, at *4 (E.D.N.Y. Sept. 5, 2007) ("So long as the representative party will vigorously litigate, a difference in motive does not preclude adequate representation." (citation and quotation marks omitted)); *Great Atl. & Pac. Tea Co., Inc. v. Town of E. Hampton*, 178 F.R.D. 39, 45 (E.D.N.Y. 1998) (finding that, because an existing party and a proposed

intervenor had "identical" interests, "both [sought] the same ultimate outcome," and the existing party "appear[ed] ready, willing[,] and able to vigorously defend the validity of the [law at issue]," intervention was not warranted).

Accordingly, the Court concludes that Apartment Associates has failed to demonstrate that its interests are inadequately protected by Plaintiffs in this Action and denies the Motion for Intervention as of Right.

### 2.  Permissive Intervention

In the alternative, Apartment Associates seeks permissive intervention under Rule 24(b)(1)(B).  Apartment Associates argues that its intervention will not prejudice or delay the litigation, as it is early on in the Action and because "its interests are best resolved through application of the law, rather than through protracted discovery proceedings." (Apartment Assocs.' Mem. 6–7.)  On the other hand, Plaintiffs argue that the Parties will suffer delay and prejudice if Apartment Associates is allowed to intervene, given the additional claims it seeks to raise.  (Pls.' Mem. 8–9.)  Defendants argue that permissive intervention would be futile because the Court does not have subject matter jurisdiction over Apartment Associates' state law claims and, in any event, these claims are meritless.  (Defs.' Mem. 7–10.)

As stated, "the principal guide in deciding whether to grant permissive intervention is whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties," *Olin Corp.*, 325 F.R.D. at 87 (citation, alteration, and quotation marks omitted), and other relevant factors include "the nature and extent of the intervenors' interests," and "whether [the] parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented," *Grewal*, 2014 WL 2095166, at *3 (quotation marks omitted) (quoting *H.L.*

*Hayden Co.*, 797 F.2d at 89).  Further, in *Floyd*, the Second Circuit stated that generally, "[t]o be granted intervention as of right or by permission, an applicant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action."  770 F.3d at 1057 (citation and quotation marks omitted).  As noted, the Second Circuit has "underscored that a failure to satisfy *any one* of these four requirements is a sufficient ground to deny the application."  *Id.* (emphasis in original) (citation, alteration, and quotation marks omitted).

The Court has already determined that Apartment Associates' interests are adequately protected by Plaintiffs, which, according to *Floyd*, is sufficient to deny permissive intervention. *Id.*  However, courts have also recognized that "the test [of Rule 24] is a flexible and discretionary one, and courts generally look at all four factors as a whole rather than focusing narrowly on any one of the criteria."  *Grewal*, 2014 WL 2095166, at *3 (citation and quotation marks omitted).  Indeed, the Second Circuit has expressly found that the factors listed under Rule 24(a) are "a nontechnical directive to courts that provides the flexibility necessary to cover the multitude of possible intervention situations, and that requires consideration of all of the competing and relevant interests raised by an application for intervention."  *United States v. Hooker Chems. & Plastics Corp.*, 749 F.2d 968, 983 (2d Cir. 1984) (citations and quotation marks omitted).  Specifically, "[t]he various components of the Rule are not bright lines, but ranges—not all 'interests' are of equal rank, . . . [and] representation by existing parties may be more or less adequate . . . .  Application of the Rule requires that its components be read not discretely, but together."  *Id.*  For example, "[a] showing that a very strong interest exists may warrant intervention upon a lesser showing of impairment or inadequacy of representation."  *Id.*

Indeed, this Court has recognized that "courts applying Rule 24 must be mindful that each intervention case is highly fact specific and tends to resist comparison to prior cases." *Kamdem-Ouaffo*, 314 F.R.D. at 134 (citation and quotation marks omitted). Thus, the Court will consider other factors beyond the adequacy of representation.

With respect to undue prejudice and delay, the "principal guide in deciding whether to grant permissive intervention," *Pitney Bowes*, 25 F.3d at 73, Apartment Associates argues that it will seek only supplemental discovery, and that the additional claims that it raises will not require discovery at all. (Apartment Assocs.' Mem. 6.) It further contends that if "CVH is permitted to intervene, then so should [A]partment Associates." (*Id.* at 7.) However, even though Apartment Associates' additional claims, based on legislative equivalency and the adoption of the HSTPA, may share "common questions with th[e] case," *Medina v. Fischer*, No. 11-CV-176, 2013 WL 1294621, at *5 (S.D.N.Y. Mar. 29, 2013), *adopted by* 2013 WL 3186932 (S.D.N.Y. June 24, 2013), and may be "broadly related to the subject matter of this [A]ction," *United States v. City of New York*, 198 F.3d at 368, such claims are ultimately "extraneous to the issues before the [C]ourt," and therefore may "unduly delay the adjudication of the rights of the existing [P]arties to the [A]ction," which is focused on a constitutional challenge to the HSTPA, *United States v. City of New York*, 179 F.R.D. 373, 381 (E.D.N.Y. 1998), *aff'd*, 198 F.3d 360 (2d Cir. 1999); *see also Kearns v. Cuomo*, No. 19-CV-902, 2019 WL 5060623, at *7 (W.D.N.Y. Oct. 9, 2019) (determining that, when a proposed intervenor sought to "interject collateral issues into th[e] litigation," it "fail[ed] to advance the proper goals of intervention," and would "unnecessarily delay resolution of the litigation" (citation omitted)); *Medina*, 2013 WL 1294621, at *5 (denying intervention when a claim, inter alia, involved "new legal theories founded in New York State Correction Law and due process," and would therefore "significantly broaden

the scope of th[e] case"); *Rodriguez*, 211 F.R.D. at 219 (finding that an intervention would

"unduly delay the expedient disposition of th[e] case" when a proposed intervenor sought to have

the court consider claims he was pursuing in a state court action (citation and quotation marks

omitted)); *Great Atl. & Pac. Tea Co.*, 178 F.R.D at 45 (denying permissive intervention when

the proposed intervenors "merely underline[d] issues already raised by the primary parties" and

"inject[ed] a collateral issue into th[e] lawsuit that [would] only serve to delay and complicate

the proceedings to the prejudice of [the] plaintiff without assisting in the resolution of the central

issue before the [c]ourt" (citation and quotation marks omitted)); *Marvel Ent. Grp., Inc. v.*

*Hawaiian Triathlon Corp.*, 132 F.R.D. 143, 146 (S.D.N.Y. 1990) (finding that although there

was "some overlap in the legal . . . issues" the proposed intervenor sought to litigate, the

intervenor also sought to assert "additional unrelated claims" that would "needlessly expand the

scope and costs of th[e] litigation and would thus prejudice the rights of [the parties] to the

expeditious resolution of th[e] action").

Further, even though Apartment Associates seeks to join in Plaintiffs' constitutional

claims, the Court does not believe that Apartment Associates would "*significantly* contribute to

full development of the underlying factual issues in the suit and to the just and equitable

adjudication of the legal questions presented." *Grewal*, 2014 WL 2095166, at *3 (emphasis

added) (citation and quotation marks omitted).  As a landlord and sublessor of a single

apartment, Apartment Associates is in a similar position as Plaintiffs, many of whom are owners

and managers of residential buildings and apartments in Westchester County.  (Compl. ¶ 8.)

Thus, Apartment Associates does not appear to offer a unique perspective that would be lost

without its participation.  *Cf. 335-7 LLC v. City of New York*, No. 20-CV-1053, 2020 WL

3100085, at *3 (S.D.N.Y. June 11, 2020) (noting that the proposed intervenors, tenant advocacy

18

groups, would offer a "unique, personal[,] and highly relevant factual perspective," along with "specialized expertise and substantial familiarity with the legal issues under review" in an action challenging New York's rent stabilization laws); *Assoc. of Conn. Lobbyists LLC v. Garfield*, 241 F.R.D. 100, 103 (D. Conn. 2007) (same, with respect to an action challenging the constitutionality of a campaign finance reform law); *Rubin*, 170 F.R.D. at 106 (granting permissive intervention when the proposed intervenors would "bring a different perspective to the case and w[ould] contribute relevant factual variations that may assist the court in addressing the constitutional issue raised").  Further, with respect to the constitutional claims, it appears that Apartment Associates will "merely underline[] issues already raised by the primary parties," *Great Atl. & Pac. Tea Co.*, 178 F.R.D. at 45 (citation and quotation marks omitted), as Apartment Associates does not elaborate on how it will bring additional insight or perspective to these claims.  (*See generally* Apartment Assocs.' Mem.; Apartment Assocs.' Reply Mem.)  This stands in contrast to, for example, CVH, a tenant advocacy group which has represented that it will bring a different perspective to this litigation based on its experience with the formation of the HSTPA and its work with tenants.  (CVH Mem. of Law in Supp. of Mot. To Intervene 9–10 (Dkt. No. 41).)  Therefore, the Court is not persuaded that a "significant[]," *Grewal*, 2014 WL 2095166, at *3, benefit would be gained by Apartment Associates' intervention in this Action.

Finally, Defendants argue that Apartment Associates' Action should be denied because its state law claims are futile.  (Defs.' Mem. 7–10; *see also id.* at 4–6.)[4]  "Although legal futility

---

[4] Plaintiffs and Defendants also discuss the more substantive merits of Apartment Associates' additional claims.  (Pls.' Mem. 7–8; Defs.' Mem. 8–10.)  The Court does not address these arguments here, because "except for allegations frivolous on their face, an application to intervene cannot be resolved by reference to the ultimate merits of the claims which the intervenor wishes to assert following intervention."  *Brennan*, 260 F.3d at 129 (citation and alteration omitted).

is not mentioned in Rule 24, courts have held that futility is a proper basis for denying a motion to intervene." *In re Merrill Lynch & Co., Inc. Research Reports Secs. Litig.*, Nos. 02-MDL-1484, 02-CV-8472, 2008 WL 2594819, at *5 (S.D.N.Y. June 26, 2008) (collecting cases); *see also N.Y. Life Ins. Co. v. Sahani*, 730 F. App'x 45, 50 (2d Cir. 2018) (finding that the district court did not abuse its discretion in denying a motion to intervene on the grounds of futility, as the proposed intervenor "asserted no viable claims" (citation omitted)).  "In determining whether the proposed intervention is futile, the court must view the application on the tendered pleadings—that is, whether those pleadings allege a legally sufficient claim or defense and not whether the applicant is likely to prevail on the merits." *Hill v. County of Montgomery*, No. 14-CV-933, 2018 WL 2417839, at *5 (N.D.N.Y. May 29, 2018) (citation and quotation marks omitted).  Thus, in considering the sufficiency of a proposed complaint, "the Court employs the same standards as it would apply in considering a motion to dismiss for failure to state a valid claim." *Merrill Lynch & Co.*, 2008 WL 2594819, at *5.

Although the Court need not decide the Motion on this ground given the aforementioned deficiencies, it does note that Apartment Associates' proposed Complaint adds two claims against Defendants: (1) that Defendants have violated the principle of legislative equivalency, and (2) that the HSTPA was not properly adopted as required by the ETPA.  (Apartment Assocs.' Mem. 7–10; Proposed Complaint ¶¶ 24–33.)  These claims appear to arise under New York State law, and, as a result, Apartment Associates asks that the Court exercise supplemental jurisdiction over them.  (Apartment Assocs.' Mem. 10–11.)  However, "[t]he Eleventh Amendment . . . bars state law claims brought against the State in federal court," *Pizarro v. Gomprecht*, No. 10-CV-4803, 2013 WL 990998, at *8 (E.D.N.Y. Feb. 13, 2013) (citing *Allen v. Cuomo*, 100 F.3d 253, 260 (2d Cir. 1996)), *adopted by* 2013 WL 990997 (E.D.N.Y. Mar. 13,

2013), and "a federal court may not issue declaratory or injunctive relief against state officials based on state-law violations," *Fishman v. Daines*, 743 F. Supp. 2d 127, 132 (E.D.N.Y. 2010); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984) ("A federal court's grant of relief against state officials on the basis of state law, whether prospective or retroactive, does not vindicate the supreme authority of federal law. . . . Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment."); *Monserrate v. N.Y. State Senate*, 695 F. Supp. 2d 80, 97 (S.D.N.Y. 2010) ("It is well settled that federal courts may not grant declaratory or injunctive relief against a state agency based on violations of state law." (quotation marks omitted) (quoting *Bad Frog Brewery, Inc. v. N.Y. State Liquor Auth.*, 134 F.3d 87, 93 (2d Cir. 1998))), *aff'd*, 599 F.3d 148 (2d Cir. 2010); *Hughes ex rel. David v. Cuomo*, 862 F. Supp. 34, 38 (W.D.N.Y. 1994) (finding that injunctive and declaratory relief based on alleged violations of state law against various state defendants was not available in federal court). Further, "[s]upplemental jurisdiction under 28 U.S.C. § 1367(a) does not constitute a congressional abrogation of the Eleventh Amendment granting district courts the power to adjudicate pendent state law clams." *Nunez v. Cuomo*, No. 11-CV-3457, 2012 WL 3241260, at *20 (E.D.N.Y. Aug. 7, 2012) (alteration in original) (citation and quotation marks omitted). Here, Apartment Associates appears to raise state law claims against the State, a State agency, and a State official, arguing only "[i]nasmuch as [Apartment] Associates' additional claims are founded purely upon legal principles and do not seek monetary damages, the Eleventh Amendment is not implicated." (Apartment Assocs.' Reply Mem. 5.) Apartment Associates fails to cite supporting case law for this contention, and does not address the cases raised by Defendants to the contrary. Thus, although the Court does not decide the Motion on this basis, it notes that Apartment Associates' additional claims may indeed be futile. Given the adequacy of

representation by Plaintiffs, the potential delay or prejudice that would result from Apartment

Associates' additional claims, and the Court's determination that Apartment Associates will not

significantly contribute to the development of this Action, the Court denies Apartment

Associates' request for permissive intervention.

### 3.  Participation as Amicus Curiae

Plaintiffs have consented to Apartment Associates' participation as amicus curiae.

(Lehrman Decl. Ex. 2 ("Finger Letter"), at 1 ("[W]e would be pleased to consent to your

participation as an 'amicus' in this litigation.") (Dkt. No. 47-2); Tr. 32.)[5]  Apartment Associates

has indicated that were its Motion to be denied, it would seek to participate in the Action in this

form.  (*Id.* at 15.)  "The usual rationale for amicus curiae submissions is that they are of aid to

the court and offer insights not available from the parties."  *Kearns*, 2019 WL 5060623, at *5

(citation, italics, and quotation marks omitted).  "District courts have broad discretion to permit

or deny the appearance of amici curiae in a given case."  *United States v. Ahmed*, 788 F. Supp.

196, 198 n.1 (S.D.N.Y. 1992) (citations omitted), *aff'd*, 980 F.2d 161 (2d Cir. 1992).

Thus, although the Court denies Apartment Associates' Motion To Intervene, Apartment

Associates may, during the pendency of this case, file memoranda as an amicus curiae without

further permission from the Court.  *See Grocery Mfrs. Assoc. v. Sorrell*, No. 14-CV-117, 2014

WL 12644264, at *7 (D. Vt. Oct. 7, 2014) (denying a motion for permissive intervention but

permitting the proposed intervenors to, "during the pendency of th[e] case, . . . file memoranda

as amici curiae without seeking further permission for each such filing" because the proposed

intervenors "may prove helpful to the court" on certain issues, and the parties did not object

(italics omitted)).  Allowing Apartment Associates to participate as amicus curiae will "ensure

---

[5] The Court cites to a draft transcript transmitted to the Court by the court reporter.

that the Court benefits from any additional information [Apartment Associates] may have, while

avoiding the duplicative and unnecessary litigation that would arise if the Court permitted"

Apartment Associates to proceed as a separate party.  *Gulino v. Bd. of Educ.*, No. 96-CV-8414,

2009 WL 2972997, at *4 (S.D.N.Y. Sept. 17, 2009).

III.  Conclusion

For the foregoing reasons, Apartment Associates' Motion To Intervene is denied.

However, Apartment Associates may file memoranda as amicus curiae going forward, without

further permission from the Court.  If Apartment Associates seeks to file a memorandum as

amicus curiae in connection with the pending Motion To Dismiss, the Parties are to submit a

proposed schedule for this briefing and any replies by no later than 14 days from this Opinion

and Order.

The Clerk of Court is respectfully directed to terminate the pending Motion, (Dkt. No.

46).

SO ORDERED.

DATED:        September 23, 2020
              White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE