

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

| LETITIA JAMES | | DIVISION OF STATE COUNSEL |
|---|---|---|
| ATTORNEY GENERAL | | LITIGATION BUREAU |

Writer's Direct Dial: (212) 416-8651

July 9, 2021

**By ECF**
Hon. Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street, Chambers 533
White Plains, N.Y. 10601

      Re:    *Building and Realty Inst. of Westchester and Putnam Counties, Inc. v. State of N.Y.* ["*BRI*"], No. 19 Civ. 11285 (KMK)

Dear Judge Karas:

      This Office represents the State of New York, the New York State Division of Housing and Community Renewal ("DHCR"), and DHCR Commissioner RuthAnne Visnauskas (collectively, "Defendants") in this action. We write in response to Plaintiffs' letter dated July 7, 2021 (ECF No. 97) regarding the Supreme Court's decision in *Cedar Point Nursery v. Hassid*, 141 S. Ct. 2063, 2021 WL 2557070 (June 23, 2021). Plaintiffs note that the *Cedar Point* opinion was submitted to Your Honor by counsel for the plaintiffs in the related action, *G-Max Management, Inc. v. State of New York* ["*G-Max*"], No. 20 Civ. 634 (KMK) (ECF Nos. 104, 104-1).

      Defendants respectfully submit that *Cedar Point* has no bearing on their pending motion to dismiss this action for substantially the reasons set forth by the intervenors and defendants in *G-Max*. *See G-Max*, Letters dated June 29, 2021 (ECF No. 105) and July 2, 2021 (ECF No. 106).

      *Cedar Point* is easily distinguishable from the current challenge to New York State's system of rent regulation. *Cedar Point* involved a California regulation that granted labor organizations a "right to take access" to agricultural employers' property three hours a day, 120 days a year, for the purpose of union organizing. *Cedar Point*, 2021 WL 2557070 at \*1. The labor organizers in *Cedar Point* were strangers, who had no contractual relationship with the property owners, much less a leasehold interest in the property. The Supreme Court held that this imposition on the owners' "right to exclude" was tantamount to an uncompensated easement and a *per se* physical taking. *Id*. at \*7-8, 13.

      Unlike the farms in *Cedar Point*, the properties at issue in this case are residential apartment buildings, designed and operated as housing for tenants and their families. The

occupants are neither strangers nor invaders, but lawful residents pursuant to the landlord-tenant relationship and background principles of New York State law. Thus, *Cedar Point* is inapposite for the same reason that an unbroken series of Supreme Court and Second Circuit precedents hold that challenges to rent stabilization laws are not properly analyzed under the rubric of physical takings. *See* Mem. of Law in Supp. of Defs.' Mot. to Dismiss the Compl. at 12-19, June 19, 2020 (ECF No. 61). Indeed, Defendants have previously cited the three recent district court decisions upholding the precise statute that Plaintiffs challenge here. *See* Letters dated Oct. 27, 2020 (ECF No. 90) and March 22, 2021 (ECF No. 95). Those cases uniformly hold that New York's rent stabilization laws merely regulate the landlord-tenant relationship, and do not effect a physical taking. *See 335-7 LLC v. City of N.Y.*, No. 20 Civ. 1053 (ER), 2021 WL 860153 (S.D.N.Y. Mar. 8, 2021); *Cmty. Hous. Improvement Program v. City of N.Y.*, 492 F. Supp. 3d 33 (E.D.N.Y. 2020) (also dismissing the physical takings claims asserted in 7*4 Pinehurst LLC v. State of N.Y.*, No. 19 Civ. 6447 (EK) (RLM)).

Moreover, Plaintiffs' July 7 letter appears to misconstrue *Cedar Point* and misapply other longstanding Supreme Court precedents.

*First*, Plaintiffs describe *Cedar Point* as one in "a long line of cases discussing 'physical takings,' 'regulatory takings,' and the lack of due process." ECF No. 97, at 1. To the contrary, the Supreme Court expressly refused to analyze the alleged impairment of property rights in *Cedar Point* as a regulatory taking, and its opinion did not mention due process at all. Thus, the *BRI* Plaintiffs cannot invoke *Cedar Point* in support of their regulatory takings and due process claims. And while *Cedar Point* certainly discussed physical takings, the Supreme Court's holding on that point has no application to the facts of this case, for the reasons set forth above.

*Second*, Plaintiffs claim "the Supreme Court has repeatedly held [that] a physical taking does not require physical occupation." ECF No. 97, at 2. Plaintiffs do not cite *Cedar Point* or any other authority in support of that contention. Contrary to Plaintiffs' assertion, the Supreme Court has expressly distinguished physical takings – which necessarily entail a physical occupation of property – from measures that merely regulate the use of property. *See, e.g., Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 535 U.S. 302, 325, n. 18 (2002) (discussing *Loretto v. Teleprompter Manhattan CATV Corp.,* 458 U.S. 419, 440 (1982)). Significantly, in finding that the compelled placement of cable television equipment on an apartment building was a physical taking, *Loretto* expressly rejected the argument that its holding "would affect landlord-tenant laws." *Id*. As the Supreme Court noted in *Tahoe-Sierra*: "So long as these regulations do not require the landlord to suffer the physical occupation of a portion of his building by a third party, they will be analyzed under the multifactor inquiry generally applicable to nonpossessory governmental activity" – i.e., as a potential regulatory taking, not as a physical taking. *Id.*

*Third*, Plaintiffs' reliance on the Supreme Court's leading case on regulatory takings is misplaced. *See* ECF No. 97, at 2 (citing *Penn Cent. Transp. Co. v. New York City*, 438 U.S. 104 (1978)). Plaintiffs cite *Penn Central* for the propositions that "there is no 'set formula' which is used to trigger compensation for economic injury," and that interference with reasonable investment-backed expectations is a relevant consideration. *Id.* Here, Defendants have demonstrated that applying the factors set forth in *Penn Central*, the Complaint fails to allege a regulatory takings claim. *See* Mem. of Law in Supp. of Defs.' Mot. to Dismiss the Compl. at 23-

Hon. Kenneth M. Karas  Page 3 of 3
July 9, 2021

25, June 19, 2020 (ECF No. 61). That question is fully briefed, and *Cedar Point* – a decision relating solely to physical takings – has no effect on the *Penn Central* analysis.

    In sum, *Cedar Point* is inapposite to Defendants' motion to dismiss this action, which should be granted for all the reasons previously briefed.

    We appreciate the Court's continued attention to this matter.

                            Respectfully,

                            /s/

                            Michael A. Berg
                            Assistant Attorney General

cc: All Counsel of Record