

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8651

July 20, 2021

**By ECF**
Hon. Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street, Chambers 533
White Plains, N.Y. 10601

> Re:   *Building and Realty Inst. of Westchester and Putnam Counties, Inc. v. State of N.Y.*
> ["*BRI*"], No. 19 Civ. 11285 (KMK)

Dear Judge Karas:

This Office represents the State of New York, the State Division of Housing and Community Renewal ("DHCR"), and DHCR Commissioner RuthAnne Visnauskas (collectively, "Defendants") in this action. We write in response to Plaintiffs' letter filed July 13, 2021 (ECF No. 99) attaching, as supplemental authority, the Supreme Court's decision in *Pakdel v. City and Cty. of San Francisco*, 141 S. Ct. 2226 (June 28, 2021). We respectfully submit that the holding in *Pakdel* concerns the exhaustion of administrative remedies, which is not at issue on Defendants' motion to dismiss this action. As such, Plaintiffs' reliance on *Pakdel* is unavailing.

In *Pakdel*, the owners of a residential apartment pursuant to a tenancy-in-common challenged, as an alleged regulatory taking, a regulation that required them to offer their tenant a lifetime lease upon converting the unit to condominium ownership. (ECF No. 99, at 3-4.) The Ninth Circuit affirmed the dismissal of the action on the ground that the plaintiffs had failed to exhaust their state administrative remedies. (*Id.* at 5). The Supreme Court vacated that decision, holding that the city's decision requiring Plaintiffs to offer the tenant a lifetime lease was final, and that further administrative review was unnecessary to assert a takings claim. (*Id.* at 3, 7.)

Plaintiffs misconstrue *Pakdel*, incorrectly asserting that the Supreme Court ruled "against the governmental restriction(s)." (*Id.* at 2.) To the contrary, the Supreme Court never reached the substance of the regulatory takings claim in *Pakdel*. Thus, Plaintiffs' portrayal of the Supreme Court's purely procedural holding as a merits decision "against the governmental restriction(s)" is unfounded.

Plaintiffs also attempt to link *Pakdel* to the Supreme Court's recent decision in *Cedar Point Nursery v. Hassid*, 141 S. Ct. 2063, 2021 WL 2557070 (June 23, 2021). (*See* ECF No. 99,

Hon. Kenneth M. Karas                                                                      Page 2 of 2
July 20, 2021

*passim.*) But the two cases are entirely different. *Pakdel* not only dealt with the exhaustion-of-remedies requirement, but did so in the context of an as-applied regulatory takings claim. By contrast, *Cedar Point* addressed the merits of a claim that a state regulation, on its face, effected a physical taking. (*See* ECF No. 98.) Defendants' prior letter to this Court established that *Cedar Point* has no bearing on their pending motion to dismiss. (*Id.*) *Pakdel* is also inapposite, both because the Supreme Court did not rule on the merits of the takings claim and because, unlike this case, *Pakdel* involved an as-applied regulatory takings claim. (*See* ECF No. 84, at 5-7 (demonstrating that Plaintiffs did not plead an as-applied challenge to the HSTPA)). Thus, contrary to Plaintiffs' letter, there are no meaningful "parallels between *Pakdel* and the case at bar before your Honor." (*Cf.* ECF No. 99, at 2.)

Finally, Plaintiffs assert that the lone footnote in *Pakdel* "is particularly relevant herein." (*See id.* at 2, 5.) But the footnote has no bearing at all on Defendants' pending motion to dismiss. It merely suggests that on remand, the Ninth Circuit "may give further consideration" to the plaintiffs' land-use exaction, physical taking, and "private taking" claims in light of *Cedar Point*. Here, Plaintiffs do not assert either an exaction or "private taking" claim, and as previously demonstrated, *Cedar Point* cannot salvage their physical takings claim. (*See* ECF No. 98; *see also* ECF No. 61 at 12-19, No. 84 at 8-10.)

In sum, both *Cedar Point* and *Pakdel* are inapposite to Defendants' motion to dismiss this action, which should be granted for all the reasons previously briefed.

We appreciate the Court's continued attention to this matter.

Respectfully,

/s/

Michael A. Berg
Shi-Shi Wang
Assistant Attorneys General

cc: All Counsel of Record